## El Pueblo v. Quilichini.

Apelación procedente de la Corte de Distrito de Mayagüez.

No. 15.—Resuelto en Junio 22, 1904.

Apelación—Pliego de Excepciones—Cuestiones de Derecho.—Las cuestiones de derecho surgidas durante el juicio, que no se hubieren consignado en un pliego de excepciones, no pueden ser consideradas y resueltas por el Tribunal de Apelación.

Id.—La circunstancia de que en la epoca en que se celebrara el juicio de una causa por delito calificado de *misdemeanor*, la ley no autorizara apelaciones en estos casos, y que por esa razón no se hubieran consignado en un pliego de excepciones las cuestiones de derecho, en nada afecta á la eficacia de la anterior doctrina, pues el Tribunal de apelación tiene que ajustarse á las constancias de autos, y aceptarlas en la forma en que figuren en los mismos.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Smith.*

Abogado del apelado: *Sr. del Toro, Fiscal.*

El Juez Asociado Sr. MacLeary emitió la siguiente opinión del Tribunal.

Santiago Quilichini y Vicente Quilichini fueron acusados ante la Corte de Distrito de Mayagüez por violación de las Leyes de Rentas Internas. Parece que Quilichini era dueño de una destilería en el pueblo de Sabana Grande, y que Sulsona era comerciante de dicho pueblo y que tenía una tienda á unos cuatrocientos metros de distancia de dicha destilería. Quilichini envió dos garrafones de ron con Cornelio Mercado á Sulsona, con una factura para el mismo en donde le manifestaba que devolviera dicha factura pues la necesitaba. Mercado llevó el ron á la tienda de Sulsona y regresó con los garrafones vacíos, como asímismo con la factura, usándola por segunda vez llevando la misma cantidad. Cuando el ron fué entregado por el mensajero á Sulsona, él de acuerdo con Quilichini, no retuvo la factura como la ley previene, sino que la devolvió para ser usada por segunda vez, habiendo los acusados defraudado al Gobierno en la suma de $4.80. La Corte

de Distrito de Mayagüez por unanimidad condenó á Quilichini á pagar una multa de trescientos pesos, y Sulsona una multa de cien pesos, teniendo que pagar cada uno de éstos la mitad de las costas. Se dictó sentencia el 27 de Julio de 1903. En aquella época no habia apelaciones en casos de misdemeanor, y de la resolución en este asunto, dada por la Corte de Distrito de Mayagüez, no se apeló hasta después de la aprobación de la ley de 6 de Febrero, 1904.

El Sr. Herbert E. Smith, en representación de Quilichini, solicitó de esta Corte que ordenara al Juez de Paz, que fué el que instruyó las primeras diligencias, que enviase la causa, con el objeto de que pudiera usarse en la vista de la apelación; alegando que según la sección 448 del Código de Enjuiciamiento Criminal, la causa debió haber sido anulada ó sobreseida por la Corte de Distrito de Mayagüez, por el fundamento de dicha sección, habiendo transcurrido más tiempo del prevenido por la ley, desde el arresto y presentación de la acusación, hasta la vista. También solicitó que se le tomase declaración jurada al Sr. Fernando Vazquez, que representaba á Quilichini en la Corte de Distrito, y quizás ante el Juez al hacer el exámen, con el objéto de probar los puntos en que apoyaba su defensa. La Corte accedió á su petición de que se enviase el sumario á esta Corte, lo cual se cumplió, pero denegó la solicitud que hizo referente á tomar la declaración. Después de mucha demora la causa vino á esta Corte para su vista el día 6 de Junio. A dicho acto asistió el Sr Smith quien alegó lo que estimó pertinente en favor de Quilichini, no habiendo asistido la representación de Sulsona. El Fiscal asistió en representación del Estado. Mr. Smith dice que la prueba presentada en la vista mostraba que su defendido vendió y envió ocho galones de ron de su destilería con una factura y con los sellos correspondientes á Sulsona, y que apareció en el acto de la vista, que el trabajador que llevaba el ron, Cornelio Mercado, fué sorprendido por el Policía Nestor Gregory, cuando llevaba los ocho galones de

ron con la misma factura que fué enviada primeramente por su patrocinado y que éste no tuvo intervención alguna en ello, y que tampoco Mercado ni persona alguna declara que su defendido le entregó á él el ron; mientras que según la prueba de varios testigos, aunque es cierto que sus declaraciones no aparecen en los autos del Tribunal, su defendido, después de haber enviado los ocho galanes. de ron, se fué para San Germán donde permaneció todo el día.

Creo que el Sr. Smith no ha interpretado bien la declaración del Sr. Mercado. Su declaración en los autos se lee como sigue: "Cornelio Mercado declaró que él trabajaba para Quilichini, como igualmente para Sulsona, que el primero tenía una destilería, y le entregó á él dos garrafones de ron con una factura que él debía llevar á Sulsona, diciéndole á aquél que debía volver con los mismos garrafones vacios y con la factura con el objeto de llevar otros; y al responder á la defensa, el testigo dijo que Quilichini se encontraba en el almacen cuando entregó los garrafones; que nadie mas había presente; que al llegar á la casa de Sulsona le dijo que habia traido el ron al almacen de su tienda. En contestación al Tribunal dijo el testigo que habia dejado el ron en el almacen de Sulsona y tomó la factura para volver por segunda vez, en cuyo acto fué arrestado por el Policía Gregory. El testigo reconoció é identificó la factura que él llevó doblada en sus manos el dia que se dice en los autos. Me parece que esta declaración establece bien claramente el caso contra ambos acusados.

En cuanto á la defensa que propone Mr. Smith, con respecto á haber transcurrido más de ciento veinte dias, después que la acusación fué presentada, de acuerdo con la sección 448 del Código de Enjuiciamiento Criminal, ese asunto no fué reservado por pliego de excepciones, y no puede ser tomado en consideración por esta Corte. La excusa dada de que entonces no habia apelación á esta Corte en casos de misdemeanor, no puede dársele consideración alguna. Te-

nemos que aceptar los autos como los encontramos, y de acuerdo con los autos presentados en esta Corte, la sentencia dictada por la Corte de Distrito de Mayagüez imponiéndole una multa á los acusados de ciento y trescientos dollars respectivamente, es justa y correcta; pueda decirse que es benigna. Sería mucho mejor que se aprisionase á esta clase de delincuentes á la vez que se les multa. Unicamente tales castigos darían resultado evitando que los que violan las leyes de rentas internas traten de defraudar al Gobierno. La senteneia de la Corte de Distrito de Mayagüez debe por lo tanto ser confirmada.

*Confirmada.*

Jueces concurrentes, Sres. Presidente, Quiñones, y Asociados, Hernández y Figueras.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de este caso.